UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIT BODY BOOT CAMP, INC.,

    Plaintiff,

v.                                              Case No: 8:22-cv-0183-KKM-AAS

STEVE VALLEY and 46 ZULU, LLC,

    Defendants.
_____

## ORDER

Fit Body Boot Camp, Inc., filed its Complaint against Steve Valley and 46 Zulu, LLC, on January 24, 2022. (Doc. 1.) The Court struck this Complaint as an impermissible shotgun pleading and directed Fit Body to file an Amended Complaint, which it did on February 2, 2022. (Doc. 3; Doc. 6.) After more than ninety days passed since Fit Body filed its original Complaint, the Court directed it to show cause no later than May 6, 2022, "why the Court should not dismiss this case for [its] failure to serve [Valley and 46 Zulu] within 90 days of filing [its] complaint." (Doc. 9.)

When a plaintiff fails to serve the defendant within "90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). If no motion for such dismissal has been made, the Court must still dismiss

if it has given "notice to the plaintiff." *Id.* Nonetheless, even in the absence of good cause for a plaintiff's failure to timely serve, the Court should still "consider whether any additional factors, such as the running of a statute of limitations, would warrant a permissive extension of time." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).

Here, ninety days have passed since Fit Body filed either its initial or Amended Complaint and the Court has given Fit Body notice that it faced dismissal if it did not show cause for its failure to timely serve Defendants. (Doc. 9.) Despite such notice, Fit Body has neither served, nor explained its failure to serve, either Defendant, and Fit Body has not sought an extension of time to serve the Defendant. And the Court sees no special factors, such as—but not limited to—statutes of limitation, requiring an extension of time. Indeed, none of the claims appear time-barred if Fit Body were to refile them. Thus, the Court must dismiss the case. *See* Fed. R. Civ. P 4(m).

Accordingly, the Court **DISMISSES** this case **WITHOUT PREJUDICE**. The Clerk is directed to **ENTER JUDGMENT** in Defendants' favor, to **TERMINATE** any other pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on May 20, 2022.

Kathryn Kimball Mizelle
United States District Judge